**FILED**
U.S. District Court
District of Kansas
04/17/2026
**Clerk, U.S. District Court**
**By:** _JAL_ **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

VERYL DEAN CRAWFORD,

        **Petitioner,**

        **v.**                   **CASE NO.  26-3091-JWL**

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court provisionally grants Petitioner leave to proceed in forma pauperis.  Petitioner challenges the calculation of his sentence, arguing that his parole ended on July 7, 2025. (Doc. 1, at 6.)  Petitioner seeks immediate release and compensatory damages.  *Id*. at 7.

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S. C. § 2241(c)(3). The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing to the undersigned, why this matter should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

Petitioner has raised the same issues in his state court habeas action.  *See Crawford v. Zmuda*, Case No. RN-2025-CV-000391 (District Court of Reno County, Kansas).  On March 16, 2026, the state court entered an order dismissing his habeas corpus petition and finding that "Petitioner is not eligible for immediate release on the theories he has recited."  *Id*.  On April 2,

2026, Petitioner filed, through counsel, a Motion to Alter or Amend. *Id*. In the motion, Petitioner argues that the state court erred in finding that he was on lifetime parole, because his parole ended on July 7, 2025. *Id*. The motion remains pending.

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

The motion to alter or amend remains pending in Petitioner's state court proceedings. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state

procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

It also appears that Petitioner has not exhausted his state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.") (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies)); *see also Knox v. Sharp*, 818 F. Appx. 817, 818 (10th Cir. 2020) (unpublished) ("Although 'no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them.'") (quoting *Burger v. Scott*, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003)).

Furthermore, to the extent Petitioner seeks monetary damages, such relief is not available in a § 2241 action. The Tenth Circuit in *Barela* held that "[t]he remedy of habeas corpus ordinarily serves to require release from illegal confinement, attack future confinement, or shorten the existing confinement." *Barela v. Wyoming Dep't of Corr.*, 830 F. App'x 252, 255 (10th Cir. 2020) (unpublished) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (release from present confinement or attack future confinement); *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (shorten confinement)). Thus, a request for damages is "available in a civil rights suit but not in a habeas action." *Id*. at 255–56 (citing *Preiser*, 411 U.S. at 494 (concluding that damages are available in civil rights suits, not habeas actions); *Davis v. Fox*,

3

701 F. App'x 715, 716 (10th Cir. 2017) (unpublished) (concluding that a claim for retaliatory impoundment of personal property cannot be brought in a habeas petition); *Palma-Salazar*, 677 F.3d at 1035–36 (concluding that habeas relief was unavailable to obtain a change in prisoner housing)).

Petitioner is directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed without prejudice based on *Younger* abstention.  The failure to file a timely response will result in this matter being dismissed without prejudice and without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Petitioner leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Petitioner is granted until **May 18, 2026,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 17, 2026, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**