**FILED**
**U.S. District Court**
**District of Kansas**

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

VERYL DEAN CRAWFORD,

      Petitioner,

      v.                      CASE NO.  26-3091-JWL

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

      Respondent.

### MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court provisionally granted Petitioner leave to proceed in forma pauperis.  Petitioner challenges the calculation of his sentence, arguing that his parole ended on July 7, 2025. (Doc. 1, at 6.)  Petitioner seeks immediate release and compensatory damages. *Id*. at 7.  On April 17, 2026, the Court entered a Memorandum and Order (Doc. 5) ("M&O) granting Petitioner until May 18, 2026, to show good cause why his Petition should not be dismissed without prejudice for the reasons set forth in the M&O.  The Court ordered Petitioner to show good cause why this matter should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).   This matter is before the Court on Petitioner's response (Doc. 7).

The Court found in the M&O that:  the *Younger* doctrine requires this Court to abstain; it appears that Petitioner has not exhausted his state remedies; and to the extent Petitioner seeks monetary damages, such relief is not available in a § 2241 action.  In finding that abstention was required, the Court noted that Petitioner raised the same issues in his state court habeas action. *See Crawford v. Zmuda*, Case No. RN-2025-CV-000391 (District Court of Reno County, Kansas).  On

1

March 16, 2026, the state court entered an order dismissing his habeas corpus petition and finding that "Petitioner is not eligible for immediate release on the theories he has recited." *Id*. On April 2, 2026, Petitioner filed, through counsel, a Motion to Alter or Amend. *Id*. In the motion, Petitioner argues that the state court erred in finding that he was on lifetime parole, because his parole ended on July 7, 2025. *Id*. The motion remains pending.

Petitioner's response does not address the deficiencies noted in the M&O. Part of the response appears to relate to Petitioner's pending civil rights case. *See Crawford v. Schnurr*, Case No. 26-3111-JWL (D. Kan.). In Case No. 26-3111, the Court entered an Order to Show Cause finding that Crawford is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). *Id*. at Doc. 4.

Petitioner's response references this case (26-3091) in the caption, but addresses the three-strikes provision. *See* Doc. 7. Petitioner attaches a Memorandum of Law labeled as "Exhibit B" which purports to relate to the instant § 2241 case. (Doc. 7–1.) He claims that the state court judge ruled that he had in fact exhausted his administrative remedies. *Id*. at 1. Petitioner then makes arguments with references to "Martin" as the party sentenced. *Id*. at 2–4. Petitioner then includes a demand for relief, seeking $25 million in damages. *Id*. at 5.

Petitioner's response does not address *Younger* abstention or the Court's finding that monetary damages are not available in a § 2241 action. Petitioner's April 2, 2026 Motion to Alter or Amend remains pending in his state court proceedings.

The Court ordered Petitioner to show good cause why this matter should not be summarily dismissed without prejudice based on *Younger* abstention. Petitioner's response fails to address *Younger* abstention and fails to show good cause why this matter should not be dismissed without prejudice based on *Younger* abstention.

**IT IS THEREFORE ORDERED BY THE COURT** this matter is **dismissed without prejudice** based on *Younger* abstention.

**IT IS SO ORDERED**.

**Dated May 20, 2026, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**