**FILED**
**U.S. District Court**
**District of Kansas**
05/27/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VERYL DEAN CRAWFORD,

      Petitioner,

      v.                            CASE NO.  26-3091-JWL

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court provisionally granted Petitioner leave to proceed in forma pauperis.  Petitioner challenges the calculation of his sentence, arguing that his parole ended on July 7, 2025. (Doc. 1, at 6.)  Petitioner seeks immediate release and compensatory damages. *Id*. at 7.  On April 17, 2026, the Court entered a Memorandum and Order (Doc. 5) ("M&O) granting Petitioner until May 18, 2026, to show good cause why his Petition should not be dismissed without prejudice for the reasons set forth in the M&O.  The Court ordered Petitioner to show good cause why this matter should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).   The Court reviewed Petitioner's response (Doc. 7), and on May 20, 2026, the Court entered a Memorandum and Order dismissing this matter based on *Younger* abstention.  (Doc. 8.)

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies

1

"whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that no certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated May 27, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**