**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FILED**
**U.S. District Court**
**District of Kansas**
06/05/2026

**Clerk, U.S. District Court**
**By:__JAL_Deputy Clerk**

VERYL DEAN CRAWFORD,

      **Petitioner,**

      **v.**                                    **CASE NO.  26-3091-JWL**

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court provisionally granted Petitioner leave to proceed in forma pauperis.  Petitioner challenges the calculation of his sentence, arguing that his parole ended on July 7, 2025. (Doc. 1, at 6.)  Petitioner seeks immediate release and compensatory damages. *Id*. at 7.  On April 17, 2026, the Court entered a Memorandum and Order (Doc. 5) ("M&O) granting Petitioner until May 18, 2026, to show good cause why his Petition should not be dismissed without prejudice for the reasons set forth in the M&O.  The Court ordered Petitioner to show good cause why this matter should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).   On May 20, 2026, the Court entered a Memorandum and Order finding that Petitioner's response failed to address *Younger* abstention and failed to show good cause why this matter should not be dismissed without prejudice based on *Younger* abstention.  The Court declined to issue a certificate of appealability.

This matter is before the Court on Petitioner's motion for leave to appeal in forma pauperis (Doc. 17).  A party who wishes to appeal in forma pauperis must file a motion for such relief in

1

the district court.  *See* Fed. R. Civ. P. 24(a).  "An appeal may not be taken in forma pauperis if the trail court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Good faith in this context is demonstrated when the party "seeks appellate review of any issue not frivolous," under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (in forma pauperis request on appeal requires demonstration of "the existence of a reasoned, non-frivolous argument on the law and facts in support of the issue raised on appeal") (internal quotation omitted).

In dismissing this case without prejudice, the Court found that: the *Younger* doctrine requires this Court to abstain; it appears that Petitioner has not exhausted his state remedies; and to the extent Petitioner seeks monetary damages, such relief is not available in a § 2241 action.  In finding that abstention was required, the Court noted that Petitioner raised the same issues in his state court habeas action and that Petitioner's April 2, 2026 Motion to Alter or Amend remains pending in his state court proceedings.  *See Crawford v. Zmuda*, Case No. RN-2025-CV-000391 (District Court of Reno County, Kansas).  Petitioner's response (Doc. 7) failed to address the deficiencies noted in the M&O.

Petitioner has not shown the existence of a reasoned, non-frivolous argument challenging the Court's ruling.  Accordingly, the Court certifies that Petitioner's appeal is not taken in good faith, and it therefore denies the motion to proceed on appeal without prepayment of fees. Petitioner "may nonetheless move [the Tenth Circuit] for leave to proceed on appeal [ifp] pursuant to the mechanism set forth in [Federal Rule of Appellate Procedure] 24(a)(5)."  *Brandt v. Cimarron Corr. Facility and Staff*, 2025 WL 1502503, at *2 (10th Cir. 2025) (quoting *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007)).

**IT IS THEREFORE ORDERED BY THE COURT** Petitioner's motion for leave to appeal in forma pauperis (Doc. 17) is **denied**. The Court certifies by this order that Petitioner's appeal from the judgment in this case is not taken in good faith as required by 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

**Dated June 5, 2026, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**